# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-911V
### Filed: December 15, 2017
UNPUBLISHED

| | |
|---|---|
| IRMA SCOTT,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Curtis R. Webb, Twin Falls ID, for petitioner.*
*Christine Mary Becer, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On August 21, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she suffered from vasovagal syncope and a subdural hematoma as a result of receiving an influenza ("flu") vaccination on August 15, 2013. On August 8, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 54.)

Currently, before the undersigned is petitioner's motion for attorneys' fees and costs filed on April 5, 2017. (ECF No. 49). Petitioner requests a total award of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' fees and costs of $ 40,926.54.  (*Id.* at 2-3).[3]  For the reasons discussed below the undersigned reduces petitioners' fees and costs and awards petitioners a total of $ 37,001.19 in attorneys' fees and costs.

## I.      Procedural History:

On April 5, 2017, petitioner filed a motion for attorneys' fees and costs.  (ECF No. 49.)   Petitioner requested attorneys' fees in the amount of $37,618.05 and attorneys' costs in the amount of $840.37 associated with work performed by petitioner's counsel of record, Curtis R. Webb. (ECF No. 49 at 1, ECF No. 58 at 2.)  Petitioner also requested $1,551.88 in attorneys' fees and $916.24 in attorneys' litigation costs associated with work performed by Michael Noone and Sheba Abraham of Goldberg, Racila, D'Alessandro & Noone, LLC.  (ECF No. 49 at 2, ECF No. 58 at 2-3.)  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  Thus, the total amount requested is $40,926.54.

On April 24, 2017, respondent filed a response to petitioner's motion.  (ECF No. 50.)   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2.  Respondent "respectfully recommends that the special master exercise [her] discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner filed no reply.

## II.      The Special Master's Authority to Determine the Amount of Fees and Costs

Since the petition for compensation was successful, the undersigned is required to award *reasonable* attorneys' fees and costs to petitioner. § 15(e)(1) (emphasis added).  Reasonable attorneys' fees and costs in Vaccine Act cases are determined using the lodestar approach.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008.)

The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g. Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  Moreover, Special Masters are entitled to

---

[3] Following an informal communication on October 3, 2017, a staff attorney emailed the parties requesting that petitioner's counsel submit the invoices associated with the litigation costs associated with this claim. On October 6, 2017, petitioner filed documentation of costs incurred by petitioner's attorneys in this matter.  (ECF No. 58.)

rely on their own experience and understanding of the issues raised. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam). The Special Master's determination is subject to review for abuse of that discretion. *Id.*

### III.   Determining Petitioner's Counsel's Hourly Rates

The appropriate hourly rate for counsel in Vaccine Act litigation is the forum rate, unless the so-called "*Davis* exception" applies. *Avera,* 515 F.3d at 1349 (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA,* 169 F.3d 755 (D.C.Cir.1999)); *see also Rodriguez v. Sec'y of Health & Human Servs.,* 632 F.3d 1381, 1384 (Fed.Cir.2011) (affirming a determination of the forum rate in Vaccine Act cases).

In accordance with *Garrison v. Sec'y of Health & Human Servs.,* No. 14-0762 2016 WL 3022076 (Fed. Cl. Spec. Mstr. Apr. 29, 2016), *aff'd,* 128 Fed. Cl. 99, 2016 WL 4784054 (Aug. 17, 2016), the undersigned finds the rates requested by Mr. Webb reasonable and appropriate.  Additionally, the undersigned finds the rates requested by Mr. Noone and his associate, Ms. Abraham, reasonable and appropriate.

### IV.   Determining the Appropriate Number of Hours in This Case

In determining the amount of reasonable hours, a special master has discretion to exclude hours expended that are "'excessive, redundant, or otherwise unnecessary' based on his or her experience or judgment." *Hocraffer v. Sec'y of Health & Human Servs.*, 2011 WL 6292218, at *3 (Fed. Cl. 2011).  The fee applicant bears the burden of documenting hours that are reasonable and the special master is not obligated to evaluate a fees petition on a line-by-line basis. *Id.* at *3, 13.  Rather, particularly where billing entries are cryptic or inadequately described,[4] the Special Master may determine whether the claimed hours are reasonable based on her experience and the context of the Vaccine Program. *Wasson*, 24 Cl. Ct. at 483-84. That is, special masters are permitted to use "a global – rather than line-by-line – approach to determine the reasonable number of hours expended." *Hocraffer*, 2011 WL 6292218, at *13.

Petitioner "bears the burden of establishing the hours expended" and the reasonableness of the requested fee award.  *Wasson,* 24 Cl. Ct. at 484.

---

[4] Attorneys are cautioned about such billing practices in the *Guidelines for Practice Under the National Vaccine Injury Compensation Program* (available on the court's website at http://www.cofc.uscourts.gov/sites/default/files/GUIDELINES-FOR-PRACTICE-4212016.pdf). Section X, Chapter 3, explains the requirements of an application for fees and costs, including the instruction that "[c]ontemporaneous time records should indicate the date and specific character of the service performed." *Vaccine Guidelines*, p. 68.  Attorneys are further advised that "[e]ach task should have its own line entry indicating the amount of time spent on that task" and that "[l]umping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request." *Id.*

Notwithstanding respondent's failure to raise any specific objections to petitioners' fee application, "the Special Master has an independent responsibility to satisfy [herself] that the fee award is appropriate and [is] not limited to endorsing or rejecting respondent's critique." *Duncan v. Sec'y of Health & Human Servs.*, 2008 WL 4743493, at *1 (Fed. Cl. 2008). Furthermore, "the Special Master [has] no additional obligation to warn petitioners that [she] might go beyond the particularized list of respondent's challenges." *Id.*

### a. Hours Expended by Attorney Curtis Webb

The undersigned finds that a reduction in the number of hours billed by Mr. Webb is necessary for two reasons. First, petitioner's counsel requests compensation at an attorney's hourly rate for work that is more accurately characterized as paralegal tasks. Second, certain billing entries are vague and do not sufficiently detail or explain the time billed.

It is well established that attorneys who bill for performing non-attorney level work must appropriately reduce their hourly rate to reflect that of a paralegal. *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). After carefully reviewing petitioner's application for fees and costs, the undersigned finds that certain entries reflect paralegal tasks but are billed at the full attorney hourly rate. For example, on October 20, 2015, Mr. Webb billed 1.00 hours for "Review medical records; Prepare exhibits 1-7", and on November 12, 2015, Mr. Webb billed 0.3 hours for "Review exhibits, prepare for filing." (ECF No. 49-1 at 4, 5.)[5] The undersigned has previously reduced attorneys' fees for similar incorrectly billed entries. *See Wilson v. Sec'y of Health & Human Servs.*, No. 15-551V, 2017 WL 877278, at *3 (Fed. Cl. Spec. Mstr. Feb. 10, 2017) (reducing attorneys' fees for billing at attorney rates for paralegal tasks, including preparing exhibits to be filed, working on a list of medical providers, and talking to medical providers to collect records and verify which records have been received*); Davis v. Sec'y of Health & Human Servs.*, No. 15-159V, 2017 WL 877277, at *3 (Fed. Cl. Spec. Mstr. Feb. 7, 2017) (reducing attorneys' fees for incorrectly billing at attorney rates for paralegal tasks).

The undersigned also notes that the billing records are often too vague to determine whether the task being performed is attorney or paralegal work. For example, an entry on October 21, 2015, Mr. Webb billed 2.7 hours to "Prepare medical records (Exh. No. 1-7); File exhibits; Conferred by phone with client (msg); Review correspondence re: affidavit". ECF No. 49-1 at 4. In another entry on January 26, 2017, Mr. Webb billed 1.5 hours, and listed as a description of the work "Received letter from Florida Medicaid re: lien; Reviewed and organized materials on lien and civil action; Prepared exhibits on lien and civil action; Prepared Status Report on lien." (ECF

---

[5] The billing records represent examples and do not constitute an exhaustive list.

No. 49-1 at 9.)[6]  This billing is suggestive of tasks which could have been done by a paralegal.

Ordinarily, when attorneys bill for work which could have been done by a paralegal, the hours are accepted, but the rates are reduced to paralegal rates.  *See, e.g. Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20 (Fed. Cl. Spec. Mstr. June 15, 2009), *aff'd* 406 Fed. Appx. 479 (Fed. Cir. 2011); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535V, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).  In this case, however, it is impossible to do so, not only because of the vague billing entries, but also because petitioner's counsel has grouped multiple activities into single time entries.  This is frowned upon and makes a line-by-line analysis nearly impossible. *See, e.g. Riggins,* 2009 WL 3319818 at *23-24.  The undersigned notes that Mr. Webb has been warned about this behavior in the past.  For example, in *C.B. v. Sec'y of Health & Human Servs.*, Mr. Webb was cautioned that "[t]he undersigned may reduce any future request by Mr. Webb for attorneys' fees where he continues to engage in this practice of grouping multiple activities into the same single time entry." *C.B. v. Sec'y of Health & Human Servs.*, No. 14-563V, 2017 WL 6276461, at *4 n.7 (Fed. Cl. Apr. 20, 2017).

Upon review, Mr. Webb's billing records include 13.5 hours in 2015, .9 hours in 2016, and 1.5 hours in 2017 with descriptions that include tasks that are more accurately characterized as paralegal activities.  This results in a total amount billed of $6,235.35 at Mr. Webb's hourly rate.  If these hours were billed at the paralegal rate of $145 per hour for 2015 and 2016, and $148 per hour for 2017, the requested fees would be $2,310.00.  Accordingly, Mr. Webb's total fees are reduced by $3,925.35.[7]

### b.  Hours Expended by Attorneys Michael Noone and Sheba Abraham

The undersigned has reviewed the billing records submitted with petitioner's request with regard to hours expended by Mr. Noone and Ms. Abraham.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours.

### V.      Petitioner's Costs

Petitioner has requested litigation costs in the amount of $1,756.61, consisting of $840.37 for costs incurred by Mr. Webb (ECF No. 49 at 1, ECF No. 58 at 2), and $916.24 in costs incurred by Mr. Noone and Ms. Abraham of Goldberg, Racila, D'Alessandro & Noone, LLC.  (ECF No. 49 at 2, ECF No. 58 at 2-3.)  The undersigned finds no cause to reduce the requested costs.  Therefore, petitioner is awarded $1,756.61 in litigation costs.

---

[6] The billing records represent examples and do not constitute an exhaustive list.

[7] This amount is the result of the following calculations:  $6,235.35 (amount requested for 15.9 hours at Mr. Webb's hourly rate) - $2,310.00 (amount for 15.9 hours at paralegal rate) = $3,925.35.

### VI.    Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  The undersigned finds that petitioners are entitled to reasonable attorneys' fees and costs as described above.

**Accordingly, the undersigned awards the total of $37,001.19[8] as consisting of $33,692.70, representing reimbursement for attorneys' fees incurred by Mr. Webb; $1,551.88 representing reimbursement for attorneys' fees incurred by Mr. Noone and Ms. Abraham; $840.37 for costs incurred by Mr. Webb; and $916.24 for costs incurred by Mr. Noone and Ms. Abraham; in the form of a check payable jointly to petitioners and petitioners' counsel,  Curtis R. Webb.**

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[8] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.